# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FILED: FEBRUARY 5, 2009
09CV754
JUDGE DARRAH
MAGISTRATE JUDGE KEYS
CH

| | |
|---|---|
| **BUDDY BELL,** | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| **CHICAGO POLICE DEPUTY CHIEF JAMES** | ) |
| **KEATING, STAR # 1367, CHICAGO POLICE** | ) |
| **OFFICERS CARLOS MOTA, STAR # 3548,** | ) |
| **PATRICK MURRAY, STAR # 16180, and** | ) |
| **THE CITY OF CHICAGO,** | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the PLAINTIFF BUDDY BELL by his undersigned attorneys and complains against defendants and alleges as follows:

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

1

## VENUE

2.  This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. 1391(b), as the events giving rise to Plaintiff's claims occurred in the City of Chicago in this judicial district.

## PARTIES

3.  Plaintiff BELL is a resident of Chicago, Cook County, Illinois.

4.  Defendant KEATING, STAR # 1367, was at all times material to this Complaint a Chicago Police Deputy Chief. He is sued individually.

5.  Defendant MOTA, STAR #3548, was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

6.  Defendant MURRAY, STAR #16180, was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

7.  Defendant CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of defendant police officers.

8.  Defendants were at all times material to this Complaint acting under color of law.

## STATEMENT OF FACTS

9.  On January 7, 2008, Plaintiff resided in the City of Wood Dale, County of Dupage, State of Illinois.

10.  On January 7, 2008, at approximately 1:50 pm, at or near 258 S. Dearborn, Chicago, Illinois, the Plaintiff lawfully exercised his First Amendment rights by vocally protesting the visit of President George W. Bush and the war in Iraq and holding a pole connected to a banner.

11.  At approximately the same time and location, without legal justification and in violation of the Plaintiff's First Amendment rights to peacefully voice his opposition to the war in Iraq and President Bush's policies, Defendant Keating ordered the Plaintiff to leave.

12.  At approximately the same time and location, Defendant Keating directed Defendants Moto and Murray to arrest the Plaintiff for violating the City of Chicago's disorderly conduct ordinance, MCC 8-4-010(d), which Defendants Moto and Murray did.

13.  Subsequently, the Plaintiff was taken to the 1st District Station, processed, charged with violating MCC 8-4-010(d), released on bond and required to appear in court.

14.  On April 18th 2008, at the conclusion of his trial, the Plaintiff was found not guilty.

## COUNT I
## (42 U.S.C. § 1983)
## (CLAIM FOR FALSE DETENTION, ARREST, AND IMPRISONMENT)

15.  The Plaintiff realleges paragraphs 1-14 with the same force and effect as if fully set forth herein.

16.  The actions of Defendants Keating, Mota and Murray in falsely detaining, arresting, and imprisoning the Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment rights to be free from unreasonable search and seizure under the United States Constitution, and thus violated 42 U.S.C. § 1983.

17.  The actions of the Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights, suffering, mental distress, loss of income, and legal expenses, as set forth more fully above.

WHEREFORE, the Plaintiff respectfully requests this Court to enter judgment for monetary damages against Defendants Keating, Mota, Murray, and the City of Chicago, to enter judgment for punitive damages against Defendants Keating, Mota and Murray, to award the Plaintiff his attorneys' fees and costs, and for any other relief as this Court deems appropriate.

**COUNT II**

**(First and Fourteenth Amendments – United States Constitution)**

**(Sections 2, 4, and 5 – Illinois Constitution)**

**(Unconstitutionality of Disorderly Conduct Ordinance)**

18. Plaintiff incorporates paragraphs 1-17 above as their allegations herein.

19. The City of Chicago's disorderly conduct ordinance, Chicago Municipal Code, MCC 8-4-010 is unconstitutional, facially and as applied, and Plaintiff's arrest under that ordinance violated his civil rights under color of state law for the following reasons:

    A. MCC 8-4-010(d) impermissibly infringes on the First Amendment's protection of the Plaintiff's rights of speech and assembly without serving any compelling state interest(s);

    B. MCC 8-4-010(d) is impermissibly vague in that a person of common intellect, such as the Plaintiff, must necessarily guess as to what conduct it forbids, its meaning, its application and it fails to give persons fair warning as to what conduct is forbidden;

    C. MCC 8-4-010(d) allows Chicago Police Officers to arrest those lawfully exercising their First Amendment rights, such as the Plaintiff, by criminalizing otherwise legal, protected First Amendment conduct;

    D. MCC 8-4-010(d) is fatally overbroad in that it is not narrowly tailored to controllable areas of a person's conduct; instead, it criminalizes a disregard to disperse by those exercising their First Amendment rights of lawful speech and effectively silences activity protected by the First Amendment;

    E. MCC 8-4-010(d) fails to provide adequate safeguards to ensure that Chicago Police Officers do not abuse their discretion in issuing an order to disperse;

    F. MCC 8-4-010(d) fails to require Chicago Police Officers in issuing an order to disperse to allow those impacted a reasonable opportunity to comply with the order and communicate the time and distance they must disperse to comply with the order;

    G. MCC 8-4-010(d) fails to declare what specific acts of disorderly conduct committed by three or more persons are sufficient to justify an order to disperse.

20. Furthermore, MCC 8-4-010(d)'s disallowance of "serious inconvenience, annoyance, or alarm" fails to advance a compelling state interest and the City of Chicago has continued to operate with notice of this fact since the United States Supreme Court's decision in *Terminiello v. Chicago*, 337 U.S. 1 (1949).

21. In addition, MCC 8-4-010(d) is akin to the Chicago gang-loitering ordinance that the United States struck down as unconstitutional declaring the ordinance as impermissibly vague because it failed to establish minimal guidelines for law enforcement. *Chicago v. Morales*, 177 Ill.2d 440, 687 N.E.2d 53 (1997), aff'd, 527 U.S. 41 (1999).

22. As a criminal statute, MCC 8-4-010(d) has a chilling and deterrent effect in that it: (i) poses a greater threat to the freedom of speech and assembly protected by the First Amendment greatly outweighing any benefit to a legitimate state interest in regulating citizen's conduct; (ii) authorizes and encourages arbitrary and discriminatory enforcement by its failure to adequately define a criminal offense; (iii) criminalizes protected First Amendment activity; (iv) and operates as an unconstitutional form of censorship and prior restraint on the freedoms provided by the First Amendment and deprivation of Due Process under the Fourteenth Amendment.

23. MCC 8-4-010(d) was the sole criminal charge the Defendants brought against the Plaintiff on January 7, 2008.

WHEREFORE, Plaintiff respectfully requests this Court to declare that MCC 8-4-010(d) is facially unconstitutional, to enter preliminary and permanent injunctions prohibiting its enforcement, to award the Plaintiff's attorneys their fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III
### (42 U.S.C. § 1983)
### (First Amendment Retaliation)

24. Plaintiff realleges paragraphs 1-23 with the same force and effect as if fully set forth herein.

25. The First Amendment of the United States Constitution guarantees Plaintiff's rights to publicly assemble for political purposes and to speak out on matters of public concern without fear of unjust retaliation.

26. As described more fully in the preceding paragraphs, Plaintiff engaged in protected assembly and speech on matters of public concern.

27. As the Plaintiff exercised his protected rights, in direct retaliation for Plaintiff's exercise of these protected rights, Defendants Keating, Mota and Murray directly retaliated against the Plaintiff by arresting him without probable cause and solely because the Plaintiff engaged in First Amendment activity.

28. Defendants Keating, Mota and Murray's actions were done with malice, willfulness, and reckless indifference to the rights of others.

29. As a result of the aforesaid unconstitutional conduct, the Plaintiff suffered monetary damages and mental anguish, including emotional distress.

WHEREFORE, the Plaintiff respectfully requests this Court to enter judgment for monetary damages against Defendants Keating, Mota, Murray, and the City of Chicago, to enter judgment for punitive damages against Defendants Keating, Mota and Murray, to award the Plaintiff his attorneys' fees and costs, and for any other relief as this Court deems appropriate.

## COUNT IV
## (42 U.S.C. § 1983)
## (DUE PROCESS)

30. The Plaintiff realleges paragraphs 1-29 with the same force and effect as if fully set forth herein.

31. MCC 8-4-010(d) is impermissibly vague in that a person of common intellect must necessarily guess as to what conduct it forbids, its meaning, and differs as to its application and fails to give persons fair warning as to what conduct is forbidden

32. Based on the foregoing, the Plaintiff was denied his right to due process under the

law grounded on the Fourteenth Amendment of the United States Constitution.

WHEREFORE, the Plaintiff respectfully requests this Court to enter judgment for monetary damages against Defendants Keating, Mota, Murray, and the City of Chicago, to enter judgment for punitive damages against Defendants Keating Mota and Murray, to award the Plaintiff his attorneys' fees and costs, and for any other relief as this Court deems appropriate.

## COUNT V
### (42 U.S.C. § 1983)
### (Monell Claim)

33. The Plaintiff realleges paragraphs 1-32 with the same force and effect as if fully set forth herein.

34. The misconduct described above was undertaken pursuant to the policy and practice of the City of Chicago and the Chicago Police Department in that:

    A.    As a matter of policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind the very type of misconduct at issue here by directly ordering, supervising and condoning the suppression of First Amendment activity within the City of Chicago when that activity concerns gathering in public to protest the actions and governmental leaders of the United States and;

    B.    As a matter of widespread practice so prevalent as to form de facto municipal policy, officers of the Chicago Police Department abused citizens in a manner similar to that alleged by the Plaintiff, and have done so since the mass arrest of 800 plus citizens at the very first protest against the Iraq war in Chicago on March 20, 2003.

35. As a result of the above-described wrongful conduct, as well as the City of Chicago's policy and practice, Plaintiff has suffered damages, including monetary damages and mental anguish.

WHEREFORE, the Plaintiff respectfully requests this Court to enter judgment for

monetary damages against Defendant City of Chicago, to award the Plaintiff their attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## COUNT VI
### (MALICIOUS PROSECUTION – ILLINOIS STATE LAW CLAIM)

36. The Plaintiff realleges paragraphs 1-35 with the same force and effect as if fully set forth herein.
37. Defendants maliciously and without probable cause caused the false charging and prosecution of the Plaintiff on fabricated charges.
38. The prosecution of the Plaintiff was terminated in his favor.
39. As a result of the malicious prosecution, the Plaintiff was deprived of liberty as set forth above.
40. The actions of Defendants in maliciously prosecuting the Plaintiff constituted a violation of his rights under Illinois law to be free from malicious prosecution without probable cause and caused the injuries set forth above.
41. Defendants actions in maliciously prosecuting the Plaintiff were willful and wanton.

WHEREFORE, the Plaintiff demands judgment against Defendants for compensatory damages plus the costs of this action and such other relief as this Court deems equitable and just.

## COUNT VII
### (745 ILCS 10/9 102- Defendant CITY OF CHICAGO)

42. The Plaintiff realleges paragraphs 1-41 with the same force and effect as if fully set forth herein
43. Defendant CITY OF CHICAGO is the employer of individual Defendants.
44. The Defendants committed the acts alleged above under color of law and in the

scope of their employment as employees of the City of Chicago.

WHEREFORE, should the individual Defendants be found liable on the claim set forth above, the Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF CHICAGO be found liable for any judgments the Plaintiff obtains thereon against said Defendants as well as for all attorney fees and costs.

A JURY TRIAL IS DEMANDED ON ALL COUNTS

/s/ Melinda Power
Melinda Power

/s/ Sandeep Basran
Sandeep Basran

Attorneys for Plaintiff,
Melinda Power
mpwr2502@earthlink.net
Sandeep Basran
ssbasran@gmail.com
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
Tel: 773/278-6706    Fax: 773/278-0635