THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUDDY BELL,               ) | |
|     Plaintiff,           ) | |
|               ) | |
| V.            ) | |
|          ) | No. 09 CV 0754 |
| CHICAGO POLICE DEPUTY CHIEF JAMES   ) | |
| KEATING, STAR # 1367, CHICAGO POLICE  ) | Judge Darrah |
| OFFICERS CARLOS MOTA, STAR # 3548,    ) | |
| PATRICK MURRAY, STAR # 16180, and      ) | Magistrate Judge Keys |
| THE CITY OF CHICAGO,             ) | |
|     Defendants.          ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER

NOW COMES Plaintiff Buddy Bell, by his attorneys, Melinda Power and Sandeep Basran of West Town Community Law Office, and responds as follows to Defendants' Motion for Entry of a Protective Order:

**I. INTRODUCTION**

Defendants filed a motion for the entry of a protective order on September 29th, 2009. (Dkt. 20). In that motion, the Defendants identified the following information as requiring a protective order: "disciplinary histories, Complaint Registers, confidential juvenile records and confidential information regarding third-parties." (Dkt. 20, ¶ 1).

Plaintiff raises no objection to issuing the proposed protective order ensuring no public disclosure of confidential juvenile records, medical information, and information clearly considered personal such as personal identifiers of non-party civilian witnesses and officers, their families and financial information.

Plaintiff, however, raises an objection to the issuance of a protective order blanketing Defendants' disciplinary histories and Complaint Registers from public disclosure on the ground that Defendants failed to show good cause for the entry of a protective order as required by Fed. R. Civ. Pro. 26(c).

1

**II.  ARGUMENT**

Defendants attempt to show good cause for the entry of a protective order by inaccurately relying on these statutes and rules: Illinois Personnel Records Review Act 820 ILCS 40/0.01, Section 7 of the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 et. Seg., Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Rule 83.53.6 of the Northern District Local Rules.  However, each of these statutes and rules are misinterpreted and misapplied by the Defendants.

**A.  820 ILCS 40/0.01 IS INAPPLICABLE**

First, Defendants' position is unsupported by 820 ILCS 40/0.01 of the Illinois Personnel Records Review Act as this Act only requires employers to submit written notice to their employees before releasing "a disciplinary report, letter of reprimand, or other disciplinary action to a third party."  820 ILCS 40/7.

Thus, Defendants incorrectly rely on this Act as it clearly "does not prohibit the disclosure of the disputed documents; rather it merely prescribes the procedures the CPD, as the defendant officers' employer, must follow before disclosing them." *Bond v. Utreras et al.*, 2007 WL 2003085, at *4 (N.D. Ill. 2007), (attached hereto as Ex. A).

**B.  5 ILCS 140/7 et. Seg. OF THE FOIA IS SIMILARILY INAPPLICABLE**

Defendants also contend that disciplinary records and Complaint Registers are exempt under 5 ILCS 140/7 et. Seg., of the FOIA because this information is contained within personnel files and should therefore not be disclosed.  (Dkt. 20, ¶ 1).

Defendants' position is contradicted by the recent decision in *Gekas v. Williamson*, 912 N.E. 2d 347 (Ill. App. Ct. 2009) which held that disciplinary records are not exempt under the FOIA.

In *Gekas*, Plaintiff sought the disclosure of the internal affairs records of the Defendant, a sheriff's officer, which the Defendant refused to turn over on the basis that internal affair records were a part of the officer's personnel file; therefore, these records were exempt from disclosure under 5 ILCS 140/7(1)(b)(ii) of the FOIA.

The *Gekas* Court ruled in favor of the Plaintiff and interpreted 5 ILCS 140/7(1)(b)(ii) of the FOIA as carving out as exempt from disclosure only personal information located within

2

personnel files and not the complaints at issue as these records were "not generated for personal use" nor did these records reflect upon the officer's personal affairs. *Id*. at 349. Additionally, "internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an employment application, a tax form, or a request for medical leave." *Id*. at 356.

Furthermore, 5 ILCS 140/7(1)(b) of the FOIA states that "disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of privacy." Viewed in conjunction with *Gekas,* it is crystal clear Defendants' disciplinary records and Complaint Registers merit no exemption under the FOIA.

In fact, recent Northern District decisions have followed *Gekas'* interpretation and found that police disciplinary records, including Complaint Registers, are to be publicly disclosed in §1983 civil rights cases. *Alva v. City of Chicago et al.*, 08 C 6261, N.D. Ill., Dkt. 45, 10/8/09 and see *Padilla v. City of Chicago et al.*, 2009 WL 2501393, N.D. Ill., Dkt. 262, 8/14/09, (attached hereto as Ex. B and C respectively).

Further, the case of *Stern v. Wheaton-Warrenville Community Unit School Dist*. 200, 233 Ill. 2d 396, 910 N.E.2d 85 (Ill. 2009) demonstrates the inaccuracy of Defendants' position that disciplinary records and Complaint Registers should not be publicly disclosed because they happen to be located with personnel files.

Within the context of the disclosure of a public high school employee's employment contract, the Illinois Supreme Court in *Stern* observed that the "mere 'commingling' of exempt and nonexempt material does not prevent a public body from disclosing the nonexempt portion of the record" and "the fact that an employment contract may be physically maintained within a public employee's personnel file is insufficient to insulate it from disclosure." *Id*. at 412, quoting *Bowie v. Evanston Community Consolidated School District, No. 65*, 128 Ill. 2d 373, 538 N.E. 2d 557.

Therefore, based upon the aforementioned Illinois state court precedents in *Gekas* and *Stern,* Northern District court precedents in *Alva* and *Padilla*, and the relevant portions of the FOIA, it is clear that the Defendants' disciplinary history and Complaint Registers contain information that is not considered personal information. Further, all information that bears upon any of the Defendants public duties must be disclosed to the public and is not exempted under 5 ILCS 140/7(1)(b)(ii).

3

## C. 3.6 OF THE ILLINOIS SUPREME COURT RULES OF PROFESSIONAL CONDUCT AND LOCAL RULE 83.53.6 DO NOT SUPPORT THE DEFENDANTS' ARGUMENT

The Defendants invoke Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Local Rule 83.53.6 to support the protection of disciplinary records and Complaint Registers from disclosure.

According to the Defendants, these trial publicity rules "prevent lawyers from making extrajudicial statements the lawyer knows or reasonably should know is likely to be disseminated by public media, and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding." (Dkt. 20, ¶ 1).

Defendants' reliance on these rules is flawed for two reasons. First, Defendants fail to identify how a protective order properly disarms a serious and imminent threat to the fairness of an adjudicative proceeding. Second, both of these rules permit a lawyer to communicate information contained in a public record. Illinois Rule 3.6(c)(2), Local Rule 83.56.6(c)(2).

It stands to reason, then, if a record is deemed public under Illinois law, disciplinary records and Complaint Registers are not prohibited from public disclosure under these trial publicity rules.

Moreover, there is no pending adjudicative proceeding. Nevertheless, it is clear that the public disclosure of Defendants' disciplinary records and Complaint Registers would not pose a serious and imminent threat to the fairness of any proceeding. As stated in *Bond*, "the general public is sophisticated enough to understand that a mere allegation of police [abuse], just like a lawsuit, does not constitute actual proof of misconduct." *Bond* at *4.

Thus, based upon the aforementioned Illinois case law, statutes, and rules that clearly classify Defendants disciplinary records and Complaint Registers as public records and the lack of an imminent or serious threat to the fairness of an adjudicative hearing by publicly releasing such information, neither Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct nor Local Rule 83.53.6 should bar the public disclosure of the information at issue in this case.

## D. A BLANCING OF THE PARTIES' INTERESTS ARGUES IN FAVOR OF DISCLOSURE

In deciding whether good cause exists, the district court must balance the interests of the

4

parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the nonmoving party. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997).

Defendants assert that a protective order would "protect against unfairness in the trial process." (Dkt. 20, ¶ 2). However, the Defendants fail to identify how a protective order would ensure against unfairness in the trial process besides summarily arguing such a result would occur.

In contrast, Plaintiff argues that compelling reasons do exist for the disclosure of the Defendants' disciplinary records and Complaint Registers and that the public's interests outweigh any of the Defendants' privacy interests.

First, as stated in *Bond*, "the public has a significant interest in monitoring the conduct of its police officers and a right to know how allegations of misconduct are being investigated and handled." *Bond* at *3. Furthermore, the *Bond* court recognized that an officer possesses a valid interest in the protection of their private information. However, this interest is outweighed by the public's ability to watch over "the individuals and institutions it has entrusted with extraordinary authority to arrest and detain persons against their will" through the public disclosure of information contained within disciplinary records and Complaint Registers. *Id*.

Plaintiff's recognition of and respect for the Defendants' valid interest in the protection of their private information is evident by the absence of an objection to the inclusion of any such information within Defendants' proposed protective order.

## E.  THE AMENDMENT TO THE RELEVANT PORTION OF THE FOIA SUPPORTS PUBLIC DISCLOSURE

Plaintiff's position is consistent with the amendment of section 7 of the FOIA which is currently listed as Public Act 096-0558.

Although the Illinois General Assembly effectuated amendments in section 7 of the FOIA, no apparent amendments were made to 5 ILCS 140/7(1)(b) and (ii). Thus, the portion of the FOIA the Defendants rely upon to exempt the public disclosure of Defendants' disciplinary records and Complaint Registers remains unchanged by the recent amendment of section 7 of the FOIA.
.

### III. CONCLUSION

Defendants' position is in direct contradiction with the FOIA amendment, the current relevant FOIA statutes, the Illinois Personnel Records Review Act, the Illinois Supreme Court Rules of Professional Conduct, Local Rules, and relevant state and federal case law. These make clear that the Defendants' disciplinary records and Complaint Registers are indeed public records and should therefore be subject to public disclosure and not the protective order proposed by the Defendants.

**WHEREFORE**, the Plaintiff requests that this Honorable Court deny entry of the Defendants' proposed protective order and/or modify the order to include only private information, such as such social security numbers, home addresses, and familial information.

Respectfully submitted by:

/s/ Melinda Power
Melinda Power

/s/ Sandeep Basran
Sandeep Basran

Attorneys for Plaintiff,
Melinda Power
mpwr2502@earthlink.net
Sandeep Basran
 ssbasran@gmail.com
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
773/278-6706  Fax: 773/278-0635

6

**CERTIFICATE OF SERVICE**

TO: Geri Lynn Yanow

YOU ARE HEREBY NOTIFIED THAT I, Melinda Power, an attorney for Plaintiff, hereby certifies that I caused true and correct copies of the Plaintiff's Response in Opposition to Defendants' Motion for Entry of a Protective Order to be sent via e-filing to the persons named in this Noticed "Filing Users" pursuant to Case Management/Electronic Case Files, in accordance with the rule on electronic filing of documents on the 26th day of October 2009, before 5:00 p.m.

/s/Melinda Power
Attorney for Plaintiff