THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUDDY BELL, ) | |
|     Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | No. 09 CV 0754 |
| CHICAGO POLICE DEPUTY CHIEF JAMES ) | |
| KEATING, STAR # 1367, CHICAGO POLICE ) | Judge Darrah |
| OFFICERS CARLOS MOTA, STAR # 3548, ) | |
| PATRICK MURRAY, STAR # 16180, and ) | Magistrate Judge Keys |
| THE CITY OF CHICAGO, ) | |
|     Defendants. ) | |

**PLAINTIFF'S ADDITIONAL ARGUMENTS IN OPPOSITION TO DEFENDANTS'
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

    NOW COMES Plaintiff Buddy Bell, by his attorneys, Melinda Power and Sandeep Basran of West Town Community Law Office, and submits the following additional Arguments in Opposition to Defendants' Motion for Entry of a Protective Order:

**I. INTRODUCTION**

    Defendants filed a motion for the entry of a protective order on September 29th, 2009. (Dkt. 20). In that motion, the Defendants stated the following information required a protective order: "disciplinary histories, Complaint Registers, confidential juvenile records and confidential information regarding third-parties." (Dkt. 20, ¶ 1).

    Plaintiff filed a Response in Opposition to Defendants' Motion for Entry of a Protective Order on October 26th, 2009. (Dkt. 23). In that response, Plaintiff clearly stated his opposition to Defendants' motion for the issuance of a protective order prohibiting Defendants' disciplinary histories and Complaint Registers from public disclosure on the ground that Defendants failed to show good cause for the entry of a protective order as required by Fed. R. Civ. Pro. 26(c). Plaintiff did not and does not object to a protective order to ensure the confidentiality of juvenile records, medical information, and information clearly considered personal such as personal identifiers of non-party civilian witnesses and officers, their families and financial information.

1

On November 20th, 2009, during a hearing on this issue, this Court permitted the parties to file additional arguments regarding the applicability of recent rulings made in the Northern District of Illinois and the Seventh Circuit regarding protective orders similar to the proposed protective order in this case. The Plaintiff adopts the arguments he made in his Response (Dkt. 23). He supplements it with the following recent Seventh Circuit and Northern District decisions.

## II. *BOND* IS INAPPLICABLE TO THE FACTS OF THIS CASE

The Seventh Circuit recently ruled on protective orders (albeit on an issue unrelated to the present issue) in *Bond v. Utreras*, 585 F. 3d, 1061 (7th Cir. 2009). In that case, Jamie Kalven, a journalist, intervened as a third party in an attempt to lift an issued protective order just before the case was dismissed with prejudice pursuant to the parties' stipulation and order for dismissal. *Id.* at 1065. Notably, Bond did not participate with Kalven in the attempt to modify the protective order. *Id.* On November 10th, 2009, the Seventh Circuit vacated the district Court's order permitting intervention and lifting of the protective order with instructions on remand to dismiss Kalven for a lack of standing. *Id*. at 1066. The *Bond* decision is inapplicable to the present issue.

First, the facts and legal issues the Court ruled on in *Bond* are strikingly different from ours. In *Bond*, the issue of lifting a previously issued protected order was made by an intervening party and addressed by the district Court only after the case was dismissed with prejudice. As a result, the Court focused its ruling on the issue of Kalven's standing to make challenge the protective order.

In addition, in *Bond*, the documents sought by Kalven had previously been placed under a protective order in which both parties utilized and relied upon to reach a stipulation and dismissal of the case with prejudice. This also provided the parties an assurance that certain documents would not be released to the public and relied on that basis to tender any such documents.

In our case, Plaintiff is a party, not a member of the general public. Standing is not as issue in this case. Furthermore, unlike *Bond*, the Defendants have yet to tender to Plaintiff the information sought to be included in the protective order. Accordingly, neither party has relied upon such information to further advance the litigation of any claims.

2

It is clear than the Seventh Circuit's opinion in *Bond* is irrelevant and inapplicable to the factual and legal issues at hand.

### III.  *PADILLA*, *GOLDHAMER*, *KEYS*, and *FULLER'S* CONTINUED RELIANCE ON *GEKAS* IN THE FACE OF *BOND*

As stated in Plaintiff's Response to Defendants' Motion for Entry of a Protective Order, *Gekas v. Williamson*, 912 N.E. 2d 347 (Ill. App. Ct. 2009) held that disciplinary records are not exempt under the FOIA.  The *Gekas* Court ruled in favor of the Plaintiff and interpreted 5 ILCS 140/7(1)(b)(ii) of the FOIA as carving out as exempt from disclosure only personal information located within personnel files and not the complaints at issue as these records were "not generated for personal use" nor did these records reflect upon the officer's personal affairs.  *Id*. at 349.  Additionally, "internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an employment application, a tax form, or a request for medical leave."  *Id*. at 356.

Several opinions and rulings have been issued in regards to motions for protective orders in the Northern District Courts since the Seventh Circuit's decision in *Bond* on November 10th, 2009.

First, in *Padilla v. City of Chicago et al.*, 06 C 5462, 11/16/09 (Ex. A), Judge Shadur issued a memorandum in light of the recently issued Seventh Circuit *Bond* opinion.  In this memorandum, Judge Shadur correctly held that the *Bond* ruling was inapplicable to the Court's earlier ruling that CR's at issue may be released publicly by finding that "much of the lengthy *Bond* opinion – particularly its entire discussion dealing with standing, which occupies the bulk of that opinion—has no arguable relevance here and therefore requires no discussion."  Id.  (Ex. A., pg 5).

The Court further found that any reliance on the portion of *Bond* that requires the filing of documents with the Court to open the door to the public's view is "a very different situation presented by this case."  Id.  (Ex. A, pg. 6).  The real issue is framed as "whether officers who have no right of privacy in those CRs can somehow force them to be kept under wraps."  Id. (Ex. A, pgs. 6-7).

3

Finally, the Court revisited *Gekas* and maintained its adherence to Gekas' ruling that the misconduct of a police officer cannot be considered private business before deciding a request for a remand for possible reconsideration is not appropriate.

Since *Padilla's* most recent opinion, issued on November 16th, 2009, *Keys v. City of Chicago et al.*, 09 CV 4162, 12/17/09, Dkt. # 67 (Ex. B) addressed the matter with a short minute entry by Judge Leinenweber denying Defendants motion for a protective order insofar as it concerned CR's.

Also relevant are two opinions issued in very close proximity to *Bond*. In *Goldhamer and Schirmer v. City of Chicago*, et al., 07 C 5286, 11/2/09 (Ex. C) and *Fuller v. City of Chicago et al., 09 C 1672*, 11/10/09, Dkt. #67 (Ex. D), Judge Grady and Judge Hibbler, respectively, adopted *Gekas'* reasoning and ruled that a protective order could not include information such as disciplinary records and CR's.

It is Plaintiff's position that a ruling in our case should fall in line with *Padilla*, *Keys*, *Goldhamer*, and *Fuller* as our case possesses a stronger resemblance to the facts and legal issues present in those cases than *Bond*. There are no issues with standing, First Amendment rights, or judicial authority to modify a protective order after the case has been dismissed with prejudice as in *Bond*.

Plaintiff understands *Padilla*, *Keys*, *Goldhamer*, and *Fuller* establish the trend of cases in the Northern District. To ensure uniformity regarding the issue of Protective Orders and CRs, the Plaintiff urges this Court to follow the reasoning employed in *Padilla*, *Keys*, *Goldhamer*, and *Fuller*'s adherence to *Gekas* and find the CR's and disciplinary records at issue are not private or personal matters and therefore should not be included within a protective order.

Since the Defendants do not have case law to back up their position, they instead make a speculative and irrelevant argument impugning Plaintiff's motives in urging this Court to follow State law and the trend in the Northern District. Plaintiff is simply asking this Court to follow the law as clearly stated in *Gekas* and the trend of different Judges in the Northern District who have ruled on this issue.

**IV. 2010 FOIA CONTINUES TO SUPPORT PLAINTIFF'S POSITION**

The Defendants argued that changes to the 2010 FOIA prohibit the disclosure of the CRs. This is not the case.

4

A review of the 2010 FOIA reveals only one section that touches upon exemptions of disciplinary cases. According to 5 ILCS 140/7(1)(n), "records relating to a public body's adjudication of employee grievances or disciplinary cases" are exempt from public disclosure; "however, this exemption shall not extend to the final outcome of cases in which discipline is imposed."

Plaintiff believes any reliance on this section to prove the FOIA protects disciplinary cases is fatally flawed. CRs are not "adjudications." IPRA (Independent Police Review Authority) initiates the investigation of police misconduct by looking into an allegation and issuing a conclusion regarding the matter. However, the authority to discipline an officer rests in the hands of the police department or board, not IPRA. Thus, any finding by IPRA does not constitute adjudication but rather a recommendation to the police department or board. [1] Any IPRA finding is "information that bears on the public duties of public employees," which the current and 2010 FOIA directs "shall not be considered an invasion of privacy." 5 ILCS 140/7(1)(b)(ii); 5 ILCS 140/7(1)(c).

Furthermore, the FOIA exemption states that adjudications in which discipline was imposed are not exempt. If the Defendants' proposed protective order is granted as currently written, it would be in direct violation of the FOIA since it would permit Defendants' to keep all disciplinary records, including matters in which discipline was imposed, and CR's under a protective order.

Additionally, it is important to note the 2010 FOIA kept intact the language relied on in *Gekas* (information that bears on the public duties of public employees shall not be considered an invasion of privacy).

---

[1] The "unofficial" IPRA Ordinance is available at http://www.iprachicago.org/IPRA_Ordinance.pdf.

**V. PUBLIC NECESSITY**

As stated in Plaintiff's Response in Opposition to Defendants' Motion for Entry of a Protective Order, Plaintiff believes compelling reasons exist for the disclosure of the Defendants' disciplinary records and CR's and that the public's interests outweigh any of the Defendants' privacy interests. (Dkt. 23).

Moreover, in an effort to fully grasp the nature of this issue, it is critical to understand that there are a number of other professions that are not afforded the same luxury Defendants' protective order proposes. For example, a search on the State of Illinois, Department of Professional Regulation's website reveals dentists, physicians, and chiropractors who have been disciplined over a number of years. [2] This information, which is readily and openly available to the public, captures every single licensed health care professional who has been disciplined.

In contrast, the issue in this matter deals with only the named Defendants and their disciplinary records. The Plaintiff is not requesting the disciplinary records and CRs of every Chicago Police Officer to be tendered and posted on a website for the public to view. Yet, this is the exact scrutiny licensed professionals undergo. To reduce a publicly empowered and entrusted public department such as the Chicago Police Department and its officers to a level of transparency below that of a dentist is a deeply troubling concept that can be partially remedied by denying Defendants' Motion for Entry of a Protective Order.

Respectfully submitted by: /s/ Melinda Power
Melinda Power

/s/ Sandeep Basran
Sandeep Basran

Attorneys for Plaintiff,
Melinda Power
mpwr2502@earthlink.net
Sandeep Basran
 ssbasran@gmail.com
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
773/278-6706  Fax: 773/278-0635

---

[2] http://www.idfpr.com/default.asp