IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUDDY BELL, ) | |
| ) | |
| Plaintiff ) | No. 09 C 0754 |
| ) | |
| vs. ) | Judge John W. Darrah |
| ) | |
| THE CITY OF CHICAGO, et al, ) | Magistrate Judge |
| ) | Arlander Keys |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is the Defendants' Motion for Entry of a Protective Order. Mr. Bell opposes the Motion, only to the extent that the Defendants seek to prevent the disclosure of Complaint Registers ("CRs") and officers' disciplinary histories produced during discovery. For the reasons set forth below, the Motion is granted.

**BACKGROUND FACTS**

On January 7, 2008, Mr. Bell participated in a demonstration at 258 S. Dearborn in Chicago, Illinois, against the visit of then-President George W. Bush and the war in Iraq. Defendant Chicago Police Officers arrested Mr. Bell for disorderly conduct. Mr. Bell was released on bond, and, at the conclusion of his trial on April 18, 2008, was found not guilty.

Mr. Bell filed suit against the City of Chicago and several Chicago Police Officers on February 5, 2009. In his Complaint, Mr. Bell alleges claims for false detention, arrest, and

imprisonment, as well as several constitutional, § 1983, and state law claims.

On September 29, 2009, the City of Chicago and Defendant Officers filed a Motion for the Entry of a Protective Order, which would govern the discovery stage of this litigation and would prohibit the use of the specifically identified confidential information for any purpose other than the litigation of this case. Mr. Bell opposes the Motion, only to the extent that the Defendants seek to prevent the disclosure of CRs and officers' disciplinary histories produced during discovery.

## DISCUSSION

Federal Rule of Civil Procedure 26c permits courts to enter protective orders for "good cause shown." "In deciding whether good cause exists, the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the nonmoving party." *Bond v. Utreras*, 2007 WL 2003085, at *2 (N.D. Ill. July 2, 2007).

Defendants rely upon the following to establish good cause: The Illinois Personnel Records Review Act, 820 ILCS 40/0.01, Section 7 of the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1 *et seq.*; Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct; and Rule 83.53.6 of the Northern

District. Courts in this district have addressed and rejected the City's argument that the Illinois Personnel Records Review Act and the Supreme Court and Local Rules demonstrate the necessary showing of good cause[1]. The only one of these provisions that could potentially serve as the basis for a protective order is the FOIA.

The City has frequently relied upon the FOIA in its efforts to protect from public disclosure CRs produced in the course of discovery. Specifically, the City had argued that the Illinois FOIA exempted from disclosure personnel files[2], and that CRs fell within the ambit of that exemption, thereby establishing good cause for the issuance of an order protecting those files from disclosure.

---

[1] Judge Dow recently rejected the City's argument that the Illinois Personnel Records Review Act and the Rules of Professional Conduct could serve as the basis for a good cause showing in *Alva v. City of Chicago,* No. 08 CV-6262 Order of Oct. 8, 2009. Judge Dow's analysis is persuasive and the Court adopts the holding in the instant case.

[2] Section 7(1)(b) of the FOIA in effect before January 1, 2010 provided that the following information was exempt from public disclosure:
> Information that, if disclosed would constitute a clearly unwarranted invasion of personal privacy, . . . The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to . . .(ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions.

5 ILCS 140/7(b).

Last year, however, the Illinois Appellate Court ruled that similar internal affairs files were not exempt under the Illinois FOIA's personnel files exemption. See *Gekas v. Williamson*, 393 Ill. App.3d 573, 912 N.E.2d 347, 361 (Ill. App. Ct. 2009). The *Gekas* court explained that the privacy concerns underlying FOIA's personnel file exemption were not implicated by the documentation regarding charges of misconduct lodged against an officer by a member of the public, because the officer had no reasonable expectation of privacy in such matters. The court stated that:

> Unlike a performance evaluation, the Division's records are not generated for Gillette's personal use, and they do not concern his personal affairs. What he does in his capacity as a deputy sheriff is not his private business. Whether he used excessive force or otherwise committed misconduct during an investigation or arrest is not his private business. Internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an employment application, a tax form, or a request for medical leave. Not every scrap of paper that enters a personnel file necessarily is personal information.

*Id.*

Federal courts in this district, asked to determine whether CRs fell within FOIA's exemption for personnel files, took a similar approach. In light of the *Gekas* court's holding, Judge Shadur questioned whether "officers who have no right of privacy in those CRs can somehow force them to be kept under wraps, when the plaintiffs' counsel to whom they have been produced wish to deal with them otherwise." *Padilla v. City of Chicago,* No. 06 CV 05462, 2009 WL 3808634, at *3 (N.D. Ill. Nov. 16, 2009) (finding

4

that plaintiff's counsel could go public with Crs produced by the City during discovery.) Every recent decision resolving this question has determined that CRs do not fall within the FOIA exemption for personnel files, and that the FOIA does not establish good cause for issuing an order protecting CRs from disclosure. *Id.; Alva v. City of Chicago,* No. 08 C 6261, slip op. (N.D. Ill. Oct. 8, 2009); *Goldhamer v. City of Chicago*, No. 07-CV-5286, slip op. (N.D. Ill. Nov. 2, 2009); and *Fuller v. City of Chicago,* No. 09-CV-1672, slip op. (N.D. Ill. Nov. 10, 2009).

Not surprisingly, Plaintiff relies heavily upon *Gekas,* and the subsequent federal decisions citing to its analysis, in opposing the Defendants' Motion for Entry of a Protective Order. However, since the issuance of these decisions, material amendments to the Illinois FOIA have taken effect[3]. The newly amended FOIA's list of exemptions now include an express exemption protecting certain disciplinary records from public disclosure. Section 7(1)(n) of the FOIA *per se* exempts from disclosure:

> (n) Records relating to a public body's adjudication of employee grievances or disciplinary cases; however this exemption shall not extend to the final outcome of cases in which discipline is imposed.

5 ILCS 140/7(1)(n) (West 2010).

---

[3] Specifically, the amendments to the FOIA went into effect on January 1, 2010.

This amendment is material, because the City no longer needs to argue that a CR is a personal and private part of an officer's personnel file to fit within the FOIA's exemptions. Instead, the newly-amended FOIA expressly exempts from disclosure records relating to disciplinary adjudications. Thus, under the plain language of the newly amended FOIA, CRs are exempted from disclosure, and the Court need not engage in any additional analysis to determine whether they are entitled to protection from disclosure under the Illinois FOIA. *See generally, Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408, 680 N.E.2d 641, 644 (1997) (finding that courts should apply the FOIA exemptions under a *per se* approach.) As such, the above-cited decisions, evaluating whether an officer has a privacy right in his disciplinary records, are distinguishable.

The Plaintiff argues that any reliance upon this amendment to exempt CRs from disclosure is fatally flawed, because CRs are not "adjudications." Plaintiff's argument is specious. The amendment does not exempt adjudications, but instead expressly protects "records *relating to*" adjudications. 5 ILCS 140/7(n). Clearly, a CR is a record relating to the public body's adjudication of employee disciplinary cases. Notably, the amendment further provides that CRs where discipline has been imposed are not entitled to protection from disclosure. The Court will limit the scope of the protective order accordingly.

Plaintiff further argues that, despite the amendments to the FOIA, the public's need to access the records outweighs any interest the Defendants may have in maintaining their confidentiality. Plaintiff vastly overstates the public's right to access unfiled discovery materials. The Seventh Circuit has recently made clear that:

> [P]retrial discovery, unlike the trial itself is usually conducted in private . . Pretrial discovery- depositions, interrogatories, and the production of documents 'are not public components of a civil trial,' 'were not open to the public at common law, and 'in general, are conducted in private as a matter of modern practice.' That the court's discovery process and rules are used to require litigants to produce otherwise private information to an opposing party is not enough to alter the legal rights of the general public. Discovery rules are 'a matter of legislative grace,' and '[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes.'

Bond v. Utreras[4], 585 F.3d 1061, 1074-75 (7th Cir. 2009) (citations omitted.)

In light of this, and the recent amendments to the FOIA, the Court agrees that the Defendants' interest in maintaining the confidentiality of those CRs where discipline has not been imposed outweighs any harm to Plaintiff. A protective order will not hamper the Plaintiff's efforts in this proceeding; Plaintiff

---

[4] The Seventh Circuit further explained that previous caselaw suggesting that Rule 26 created a substantive right to access pretrial discovery was based upon a prior version of Federal Rule of Civil Procedure 5(d), which required parties to file discovery material with the court. Bond 585 F.3d at 1075.

7

matter. While the Plaintiff's argument that the public has a vital interest in the disclosure of these records is eloquent, accepting Plaintiff's position would provide the public access to documents that the Illinois legislature has seen fit to protect, simply because a lawsuit has been filed. Under these circumstances, the Court is not inclined to disregard the Illinois legislature's express statement that such materials are exempt from disclosure and finds that the CRs should be subject to a protective order.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion for the Entry of a Protective Order is GRANTED, in part. Notably, CRs where discipline was imposed are not entitled to protection from disclosure, and fall beyond the realm of the protective order. The parties shall appear before the Court for a status hearing on March 12, 2010 at 9:00 a.m., and shall submit a draft protective order incorporating the Court's findings.

Dated: February 26, 2010     ENTER:

_/s/ Arlander Keys_
ARLANDER KEYS
United States Magistrate Judge