UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUDDY BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 09-cv-754 |
| CHICAGO POLICE DEPUTY CHIEF | ) |
| JAMES KEATING et al., | ) Judge John W. Darrah |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 5, 2009, Plaintiff, Buddy Bell ("Bell"), filed suit against Defendants, Chicago Police Deputy Chief James Keating, Chicago Police Officers Carlos Mota and Patrick Murray, and the City of Chicago (collectively, "Defendants"), alleging, among other claims, violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Count I (False Detention, Arrest, and Imprisonment under 42 U.S.C. § 1983) and Count VI (Malicious Prosecution) were tried before a jury; whereas, Count II and IV were reserved for the Court's ruling. On December 9, 2010, the jury returned a verdict in favor of Defendants on Counts I and VI. Before the Court is Bell's Motion for Resolution of Counts II and IV of Bell's Complaint. In Count II, Bell seeks a declaration that the Municipal Code of Chicago ("MCC") 8-4-010(d), the City of Chicago's disorderly conduct ordinance, is unconstitutional. In Count IV, Bell seeks a declaration that MCC 8-4-010(d) is impermissibly vague, and because of its vagueness, violates the Due Process Clause of the Fourteenth Amendment. Bell requests that the Court enter a permanent injunction enjoining the enforcement of MCC § 8-4-010(d).

Before the merits of Bell's Motion may be considered, the issue of whether Bell has standing to request injunctive relief barring the enforcement of MCC § 8-4-010(d) must be addressed. Defendants do not contest that Bell has standing to bring a facial challenge to MCC § 8-4-010(d) but argue that he lacks standing to pursue a claim for injunctive relief based on his speculative fear of future arrest. The Seventh Circuit's recent decision in *Shirmer v. Nagode*, 612 F.3d 581 (7th Cir. 2010) (en banc) (*Shirmer*) is particularly relevant as it also involved MCC § 8-4-010(d). There, the Court of Appeals held that a court "may not consider the facial validity of [MCC § 8-4-010(d)] unless plaintiff[] had standing to request the injunctive relief." *Shirmer*, 612 F.3d at 584.

To establish standing, Bell must show that: (1) he is under threat of an actual and imminent injury in fact; (2) there is a causal relation between that injury in fact; and (3) it is likely, rather than speculative or hypothetical, that a favorable judicial decision will prevent or redress that injury. *Summers v. Earth Island Institute*, -- U.S. ---, ---, 129 S. Ct. 1142, 1149 (2009). Here, Bell has not satisfied the third requirement, the likelihood that the injunction will actually prevent injury that Bell reasonably fears he will suffer. *Shirmer*, 621 F.3d at 585. That Bell was previously prosecuted for violating MCC § 8-4-010(d) "is insufficient by itself to establish [Bell's] standing to request injunctive relief." *Id*.

The relevant question here is whether Bell has "sufficient reason to fear [an] arrest and prosecution as to justify a federal judicial decision on the facial validity" of MCC § 8-4-010(d). Bell argues he is committed to participating in future demonstrations and other expressions protected by the First Amendment. (Br. at 4.) Bell notes that he has attended fewer demonstrations because he fears he might be arrested and charged

2

with a violation of MCC § 8-4-010(d). But Bell has not established that he has a sufficient fear of being arrested for violating MCC § 8-4-010(d). In *Shirmer*, the Court of Appeals considered circumstances similar to those that Bell raises here. The Court of Appeals "assume[d] that plaintiffs intend . . . to continue to participate in demonstrations and other expressions protected by the First Amendment . . . [and] that they may be worried about a possible repeat of the events of the 2006 Taste of Chicago Festival." 621 F.3d at 585. The Court of Appeals further recognized that "the failure-to-disperse provision can be misused to impose a heckler's veto or otherwise to suppress speech and expressive conduct protected by the First Amendment." *Id.* But even so, the Court of Appeals held that the plaintiffs did not have standing as to justify a federal judicial decision on the facial validity of MCC § 8-4-010(d). *Id.* The circumstances of this case are not distinguishable. Bell has not demonstrated "more than a wholly speculative possibility of criminal consequences." *Id.* at 586. Therefore, the Court "does not address [MCC § 8-4-010(d)'s] constitutionality because [Bell] lacks standing to challenge its facial validity." *Id.* at 583.

## CONCLUSION

Bell's Motion for Resolution of Counts II and IV of Bell's Complaint is dismissed, and Bell's request for a declaration and a permanent injunction barring the enforcement of MCC § 8-4-010(d) is denied.

Date: June 2, 2011

JOHN W. DARRAH
United States District Court Judge

3